UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRIS SAEGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMBRA ZANDER, et al.,<br><br>　　　　　Defendants. | Case No. C08-5314BHS<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 22), and Plaintiff's Objections to the Report and Recommendation (Dkt. 31).

On June 17, 2008, Plaintiff filed a motion for a temporary restraining order ("TRO") to restrain Defendants from "treating [Plaintiff], staff retaliation, and any involvement in 'Odyssey' [a chemical dependency program] at Stafford Creek Correction[s] [Center]." Dkt. 7. On August 4, 2008, Magistrate Judge Arnold recommended that Plaintiff's motion for a TRO be denied, finding that Plaintiff had "not adequately shown that the chemical treatment program is exposing him to continued threats of violence or irreparable harm warranting injunctive relief." Dkt. 22 at 2.

On August 20, 2008, this Court granted Plaintiff's request for additional time to file objections to the Report and Recommendation. Dkt. 27. On August 27, 2008, Plaintiff filed a "Motion for TRO." Dkt. 31. In this motion, Plaintiff stated, "I am asking these courts to order that effective immediately my TRO be granted on the grounds of the illegal practice that I am subjected to and the assault I suffer from being in [the chemical dependency] program." This motion seeks the same relief as Plaintiff's first motion for a TRO. *See* Dkt.

ORDER – 1

7. The Court therefore considers the second motion for a TRO as constituting Plaintiff's objections to the Report and Recommendation.

Attached to Plaintiff's objections was a copy of a Washington State Department of Corrections ("Corrections") incident report, which provided an account of an incident whereby Plaintiff was sanctioned for his alleged involvement in a fight with another inmate. Dkt. 31, 3-7. Plaintiff also included several Washington state case and state statute citations in support of his objections. Plaintiff states that these cases and citations support his position that alcohol counseling and mental health treatment cannot be forced upon an inmate without a court order. *Id.*, 8-9.

Defendant Al Lopez filed a response to Plaintiff's objections on September 5, 2008, in opposition to Plaintiff's motion for a TRO. Dkt. 32. Defendants Tambra Zander, Randy Franklin, Cheryl Matthysens, James Crea, Greg Crivello, Tina Smith, CDT Deanna Figueroa, and CDT Christopher Reed filed their opposing brief on September 8, 2008. Dkt. 34.

As set out in the Report and Recommendation, injunctive relief is not warranted here because Plaintiff has failed to demonstrate that, as a result of Plaintiff's participation in the treatment program, (1) he will suffer irreparable harm if the motion for a TRO is denied, (2) he will likely prevail on the merits, (3) the balance of potential harm favors Plaintiff, or (4) the public interest favors granting him relief. Dkt. 22, 1-2 (*citing Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1980)). Plaintiff has also failed to demonstrate either (1) a combination of probable success and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tip sharply in his favor. *Id.* at 2.

Plaintiff fails to raise any issues in his objections that support his motion for a TRO. It is unclear how the Corrections report is relevant to his motion for a TRO, or how Plaintiff's alleged assault is related to his participation in the treatment program. In addition, the cases and statutes cited by Plaintiff do not support Plaintiff's motion for a TRO. The three state cases cited by Plaintiff apply to restrictions placed on offenders on community

ORDER – 2

release, and Plaintiff fails to demonstrate whether, or how, these cases apply to those who are currently incarcerated. *See* Dkt. 31, 8-9 (*citing State v. Jones*, 118 Wn. App. 199 (2003), *State v. Julian*, 102 Wn. App. 296 (2000), *State v. Parramore*, 53 Wn. App. 527 (1989)). The state statutes cited by Plaintiff also do not support his motion for a TRO, as these statutes do not prohibit corrections institutions from conducting treatment programs. *Id.* (*citing* RCW 71.05.030, 71.05.040, 71.05.050, and 9.94A.030(13)).

Plaintiff is also directed to properly serve Defendants with any documents he files in this case. Plaintiff is referred to General Order No. 07-04, which states in part:

> All original documents and papers submitted for consideration by the Court in this case are to be filed with the Clerk of this Court . . . . The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. Service is accomplished by mailing a true and correct copy of the document to counsel for each defendant/respondent. The proof of service shall show the day and manner of service and may be made by certificate or acknowledgment on the document itself, or by separate filing. If a party fails to comply with this Order, the Court will disregard the submitted document.

The Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Plaintiff's Objections;

(2) The Court adopts the Report and Recommendation (Dkt. 22);

(3) Plaintiff's Motions for Temporary Restraining Orders (Dkts. 7 and 31) are **DENIED** for the reasons stated herein; and

(4) The case, including all pending motions, is **RE-REFERRED TO UNITED STATES MAGISTRATE JUDGE J. KELLEY ARNOLD** in accord with the original order of reference.

DATED this 23rd day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3