UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRIS SAEGER,

                Plaintiff,

   v.

TAMBRA ZANDER, *et al.,*

                Defendants.

Case No. C08-5314BHS

REPORT AND RECOMMENDATION

Noted for December 5, 2006

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to Defendant Lopez's motion to dismiss (Doc. 33). For the reasons set forth below, I recommend that the Court grant defendant's motion to dismiss.

## DISCUSSION

On or about May 15, 2008, plaintiff filed his complaint with the court to challenge the requirement that he participate in a chemical treatment program during his incarceration at Stafford Creek Correctional Center.

On September 5, 2008, Defendant Lopez filed a motion to dismiss Plaintiff's complaint and allegations made against him based on the argument that Plaintiff had failed to plead any facts to support cognizable causes of action against him. In his motion, Defendant Lopez argues, "Plaintiff has not articulated in any way how Defendant Lopez's actions or inactions contributed to the claims alleged in his

Complaint. See generally Plaintiff's Complaint. In fact, the only place where Defendant Lopez's name appears in Plaintiff's Complaint is in the caption. Id. The only defendant specifically named in Plaintiff's Complaint is Cheryl Matthyssens. Id. at 4. Plaintiff makes no claims against Defendant Lopez, nor does he indicate what role Defendant Lopez may have played in the alleged violations. As such, Defendant Lopez should be dismissed from Plaintiff's Complaint as a matter of law." Defendant Lopez's Motion to Dismiss at 4.

Defendant Lopez's motion appears to have been properly served and noted for consideration by the Court on October 3, 2008. To date, the court has not received any response to the motion from plaintiff. (Plaintiff has only one pleading in the matter since the motion was filed, (Doc. 37) which does not address Defendant Lopez's motion to dismiss. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

(Emphasis added). Plaintiff's failure to respond to the merits of defendants' motion to dismiss is deemed by the court to be an admission that the motion has merit.

Moreover, the undersigned accepts Defendant Lopez's argument that Plaintiff has failed to properly state a cognizable claim against him in the Complaint. Plaintiff has failed to describe how Defendant Lopez personally participated in the alleged deprivations. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

## CONCLUSION

Because Plaintiff has not responded to defendant's motion and Plaintiff has failed to state a cognizable claim against Defendant Lopez, the Court should GRANT defendants motion to dismiss. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 5, 2008**, as noted in the caption.

1 DATED this 12th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3