# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KRIS SAEGER,<br><br>            Plaintiff,<br><br>    v.<br><br>TAMBRA ZANDER, *et al.*,<br><br>            Defendants. | CASE NO. C08-5314BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 10, 2009 |

This §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon (i) Defendant Pacholke's motion to dismiss (Doc. 47), (ii) Plaintiff's motion for default judgment (Doc. 48), and (iii) a motion to dismiss filed by Defendants Zander, Franklin, Matthysens, Crea, Crivello, Smith, Reed and Figueroa ("Civigenic's Defendants). For the reasons set forth below, I recommend that the Court deny Plaintiff's motion for default judgment, and grant defendants' motions to dismiss.

REPORT AND
RECOMMENDATION - 1

## DISCUSSION

*A. Plaintiff's Motion for Default Judgment*

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment may be entered. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).

Plaintiff argues defendants failed to respond to his Complaint in a timely manner. After reviewing the matter, the undersigned is not persuaded by Plaintiff. Plaintiff 's argument is erroneously based on the date the court directed the U.S. Marshal to conduct service. The court directed service on May 23, 2008; however, the U.S. Marshal did not serve or receive an acknowledgement of service from defendants until July 25, 2008. In addition, and more significantly, defendants have all appeared in the matter and default judgment is simply not warranted in this matter. Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

*B. Defendants Motions To Dismiss Plaintiff's Complaint*

In reviewing a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal under Fed R. Civ. P. 12 (b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police

Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff need not set out in detail the facts upon which he bases his claim. However, a Plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in the Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th.Cir. 1982)).

Plaintiff brings the instant matter pursuant to 28 U.S.C. § 1983, in his Original Complaint, alleging he was being coerced into taking a chemical dependency program during his incarceration. Plaintiff alleges participation in the program required him to wear clothing that identified him as a chemically dependent person and required him to partake in a quasi-religious 12-step program in violation of the separation of church and state. Plaintiff filed an Amended Complaint (Doc. 40) alleging an additional claim of retaliation.

To properly state a civil rights cause of action under § 1983, Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d

1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).  Moreover, Local Rule CR 7(b)(2) requires each party opposing a motion to file a response, stating:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court <u>as an admission that the motion has merit</u>.

(Emphasis added).

Here, defendants filed their motions to dismiss on or before February 10, 2009, and the motions were properly noted for consideration on or before the court's March 6, 2009, motion calendar.   Plaintiff has not filed any opposition to the motions to dismiss.  The court notes that in its Order Directing Service, issued on May 23, 2009, plaintiff was directed to file a response to such a motion and advised pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998).  In addition, the Civigenics defendants served their motion with a similar warning.   The Court should grant defendants' motions to dismiss due to Plaintiff's failure to respond or oppose the dispositive motions.

Moreover, defendants persuasively argue that Plaintiff has failed to properly plead a cause of action against any of the named defendants.  Plaintiff's Complaint and his Amended Complaint failed to show how any of the named defendants personally participated in causing any constitutional or civil rights violation.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to dismiss should be DENIED.  Because plaintiff has not responded to defendant's motions to dismiss and the court find Plaintiff has failed to state a cognizable claim against any of the named defendants, the Court should GRANT defendants motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See*

REPORT AND
RECOMMENDATION - 4

*also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 10, 2009**, as noted in the caption.

DATED this 19th day of March, 2009.

*/s/ J. Richard Creatura*
J. Richard Creatura
U.S. Magistrate Judge

REPORT AND
RECOMMENDATION - 5